UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LISA E. G.,

                  Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

CASE NO. 3:23-cv-05472-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 9, 12, 13.

After considering and reviewing the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court concludes that the Administrative Law Judge (ALJ) erred in failing to consider Plaintiff's chronic pain disorder and degenerative disc disease. Accordingly, this matter is **REVERSED and REMANDED** for further administrative proceedings.

//

//

ORDER ON PLAINTIFF'S COMPLAINT - 1

## I. PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income (SSI) benefits and Disability Insurance Benefits (DIB), AR 265–78, was denied initially, AR 84–104, and upon reconsideration, AR 106–28. Plaintiff's requested hearing was held telephonically before the ALJ on July 5, 2022. AR 42–83. On August 2, 2022, the ALJ issued a decision finding Plaintiff not disabled. AR 12–33.

The Appeals Council denied Plaintiff's request for review on April 28, 2023, making the ALJ's decision the final agency decision subject to judicial review. AR 1–6. On May 26, 2023, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 4. Defendant filed the sealed AR in this matter on July 25, 2023. Dkt. 7.

## II. BACKGROUND

Plaintiff was born in 1968 and was 50 years old on April 11, 2019, her amended alleged date of disability onset. AR 15, 25, 47–48. Plaintiff has at least a high school education. AR 25. Plaintiff suffers from, at a minimum, the severe impairments of posttraumatic stress disorder (PTSD), bipolar disorder, anxiety disorder, obesity, osteoarthritis, sleep apnea, and hypothyroidism. AR 17. However, the ALJ found Plaintiff was not disabled because she had the residual functional capacity (RFC)

> to perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), that does not require standing or walking more than 4 hours total in a workday; that does not require more than occasional kneeling, crouching, crawling, or climbing of ladders, ropes, or scaffolds; that does not require more than frequent balancing, stooping or climbing of ramps or stairs; that does not require exposure to unprotected heights; that consists of simple tasks; that consists of tasks that follow a routine; that allows a break after 2 hours of work; and that does not require more than occasional, brief, superficial interaction with the general public.

AR 19–20.

ORDER ON PLAINTIFF'S COMPLAINT - 2

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if and only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

Plaintiff raises the following issues on appeal: (1) whether the ALJ erred in failing to include Plaintiff's Chronic Pain Disorder and Degenerative Disc Disease in step two of the sequential evaluation; (2) whether the ALJ properly evaluated the medical opinions; (3) whether the ALJ properly evaluated Plaintiff's testimony; (4) whether the ALJ properly evaluated the statements of lay witnesses. *See generally* Dkt. 9. Plaintiff requests that the Court remand the case for an award of benefits or, in the alternative, for further administrative proceedings. Dkt. 9 at 17.

### A. The ALJ's Consideration of Plaintiff's Chronic Pain Disorder and Degenerative Disc Disease

Plaintiff argues the ALJ erred in failing to consider her allegedly severe impairments of (1) somatic symptom disorder: chronic pain and (2) degenerative disc disease at step two of the sequential evaluation and in determining the RFC. Dkt. 9 at 16–17. There is medical evidence of both impairments in the record. *See* AR 492, 522, 536. An ALJ must consider all evidence in the record and cannot ignore evidence of an impairment presented by the claimant. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984); 20 C.F.R. § 404.1520(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."). Defendant does not dispute that the ALJ erred in failing to discuss these impairments. *See* Dkt. 12 at 14–15. Rather, Defendant argues the error was harmless. *See id.*

1   An error is harmless when it is "inconsequential to the ultimate nondisability
2   determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). In
3   formulating the RFC, an ALJ "consider[s] the limiting effects of all [of a claimant's]
4   impairment(s)." 20 C.F.R. §§ 404.1545(e), 416.945(e). In turn, the failure to address an
5   impairment at step two is harmless error where the ALJ considers that impairment in formulating
6   the RFC. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). But here, the ALJ's decision
7   discussed neither chronic pain disorder nor degenerative disc disease in formulating the RFC.
8   *See* AR 19–25.

9   Defendant argues the failure to discuss these impairments was nevertheless harmless
10  because there is "no credible evidence indicating additional limitations would be warranted in
11  relation to" them. Dkt. 12 at 14. The Court disagrees. The relevant inquiry is whether "no
12  reasonable ALJ . . . could have reached a different disability determination" if they had
13  considered the omitted impairments. *See Stout*, 454 F.3d at 1056 (applying this standard where
14  ALJ fails to discuss competent lay witness testimony). Because the ALJ must "consider the
15  combined effect of all of [Plaintiff's] impairments," 20 C.F.R. § 416.923(c), the inquiry
16  considers not only whether additional limitations would be warranted, but also whether the
17  overall assessment of the limitations presented might be different.

18  Here, a reasonable ALJ could have reached a different conclusion about Plaintiff's
19  alleged knee and leg pain if they considered the omitted impairments. Plaintiff testified she could
20  not stand for more than twenty minutes and could not descend stairs due to knee pain. AR 56–58.
21  The ALJ rejected this testimony because "the medical evidence showed largely normal to
22  moderate findings" with respect to Plaintiff's legs and knees. AR 21. While the ALJ
23  acknowledged diagnostic imaging that revealed moderate to severe degeneration of Plaintiff's
24

ORDER ON PLAINTIFF'S COMPLAINT - 4

knees, *id.* (citing AR 415–16, 523, 525, 604, 645, 661), the ALJ pointed to examination findings showing no effusion, swelling, tenderness, or difficulties with motion, *id.* (citing AR 414–15, 420, 426, 432, 435, 617). These examinations effectively showed that, if Plaintiff had knee pain, it had no apparent explanation.

Plaintiff's somatic chronic pain disorder, if properly considered, would challenge this analysis. Somatic disorders "are characterized by physical symptoms or deficits that . . . cannot be fully explained by a general medical condition [or] another mental disorder" and "may also be characterized by a preoccupation with having or acquiring a serious medical condition that has not been identified or diagnosed." 20 C.F.R. § 404, Subpt. P, App. 1, 12.00B(6). The lack of an apparent explanation for Plaintiff's knee pain is, at a minimum, consistent with her continued complaints of knee and leg pain when her somatic chronic pain disorder is considered. Thus, a reasonable ALJ's might reach a different conclusion in assessing Plaintiff's knee pain. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (subjective testimony can be rejected if inconsistent with medical evidence but not when merely unsupported by medical evidence); *see also Madrid v. Comm'r of Soc. Sec.*, 2023 WL 2808726 at *11 (E.D. Cal. April 6, 2023) ("Courts have found an absence of any reference to . . . diagnosis of somatoform disorder to be error.").

The ALJ did give three reasons for rejecting Plaintiff's testimony about her leg and knee pain that were not infected by the failure to discuss the omitted impairments. The Court must consider whether these reasons provide substantial evidence supporting the ALJ's decision, rendering the erroneous omission of Plaintiff's chronic pain disorder and degenerative disc disease harmless error. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (error harmless where substantial evidence nonetheless supported decision). The Court

ORDER ON PLAINTIFF'S COMPLAINT - 5

concludes the reasons do not provide substantial evidence supporting the ALJ's decision, and therefore, the ALJ's failure to consider her additional severe impairments is not harmless.

First, the ALJ found Plaintiff's pain and swelling improved from medication. AR 22 (citing 423, 445, 530, 631). This is insufficient to support the ALJ's decision because the ALJ neither makes a finding nor cites any evidence which indicates the improvement from medication controls Plaintiff's symptoms such that they are not disabling. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person . . . makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

Second, the ALJ found that Plaintiff's ability to engage in activities of daily living undermined her alleged symptoms. AR 23. The ALJ cited (1) evidence from medical reports stating Plaintiff "is able to perform all basic [Activities of Daily Living]," without further elaboration about which activities she is able to perform (AR 595, 599, 632, 645); and (2) evidence that Plaintiff took her dog on walks (AR 721, 723). AR 23. Without further evidence of which activities Plaintiff engaged in, it is not clear how these activities were either transferrable to a work setting or inconsistent with her alleged symptoms, the two grounds on which an ALJ can discount subjective complaints based on activities of daily living. *See Orn v. Astrue*, 495, F.3d 623, 639 (9th Cir. 2007). Similarly, Plaintiff's dog walks, without information about the length or frequency of such walks, are not necessarily inconsistent with testimony that she cannot stand for more than twenty minutes or take long walks without a cane. *See* AR 56, 57, 61–62; *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence . . . triggers the ALJ's duty to conduct an appropriate inquiry."). Moreover, the ALJ did not consider the Washington State Department of Social and Health Services' finding that Plaintiff required

ORDER ON PLAINTIFF'S COMPLAINT - 6

158 hours of assistance with her activities of daily living per month, AR 692, erring by "cherry picking" favorable reports while not considering others, *see Diedrich v. Berryhill*, 874 F.3d 634, 642 (9th Cir. 2017).

Third, the ALJ found Plaintiff not credible in part due to purportedly inconsistent statements regarding the termination of her employment and the side effects of one of her medications. AR 23. An ALJ can consider "prior inconsistent statements" in making a credibility determination. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). But two inconsistent statements are not "adequate to support" the decision and thus, taken alone, do not constitute substantial evidence. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Schow v. Astrue*, 272 F. App'x 647, 652–53 (9th Cir. 2008) (unreported earnings were "proper for consideration, but hardly compel[led] the adverse credibility finding").

The Court therefore finds that the inclusion of chronic pain disorder may have altered a reasonable ALJ's decision in considering Plaintiff's alleged knee and leg pain. If credited, Plaintiff's testimony as to her knee and leg pain suggest she would not be able to stand for more than twenty minutes or walk long distances, *see* AR 56, 61, making her unable perform "a good deal of walking or standing" and thus unable to perform light work, *see* 20 C.F.R. § 416.967(b). As Plaintiff argues, Dkt. 9 at 18, and Defendant does not dispute, *see* Dkt. 12 at 16, Plaintiff would be found disabled if found capable of only sedentary work, *see* 20 C.F.R. § Pt. 404, Subpt. P, App. 2, 201.00. Thus, this finding was not "inconsequential," and the error is not harmless. *Stout*, 454 F.3d at 1055. Moreover, because chronic pain disorder has "both a physical and psychological component," and those components are "inextricably linked," on remand, the Commissioner must reevaluate all of claimant's claimed limitations, mental and physical. *See Lester v. Chater*, 81 F.3d 821, 829–30 (9th Cir. 1995).

B.  **Remand**

Plaintiff argues that this case should be remanded for an immediate award of benefits. Dkt. 9 at 17. The Court may only do so when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [Plaintiff's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292. The second and third requirements are not satisfied here. As discussed, even if the impairments omitted from the ALJ's decision were discussed, there are still ambiguities in the evidence with respect to Plaintiff's activities and the effectiveness of her medication. Thus, remand is the appropriate remedy here.

C.  **Remaining Issues**

Plaintiff argues the ALJ erred in evaluating the medical opinions, lay witness testimony, and Plaintiff's subjective testimony. Dkt. 9. As the Court has found reversible error in the ALJ's evaluation of Plaintiff's chronic pain disorder and degenerative disc disease, the Court declines to consider these issues. Rather, the Court directs the ALJ to reevaluate the medical opinion evidence, the lay witness testimony, and Plaintiff's subjective testimony, and to reassess the RFC as warranted by further consideration of the evidence.

//

//

//

ORDER ON PLAINTIFF'S COMPLAINT - 8

## IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this order.

Dated this 3rd day of November, 2023.

Grady J. Leupold
United States Magistrate Judge